UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard L. Demsey, *et al.*,

    Plaintiffs,

    v.

Safeway Moving Systems, Inc., *et al.*,

    Defendants.

Case No. 2:25-cv-550

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Richard L. Demsey and Cynthia L. Demsey ("Plaintiffs") obtained an entry of default against Wheaton Van Lines, Inc. ("Wheaton"). ECF No. 42. Subsequently, the Court denied without prejudice Plaintiffs' motion for default judgment, finding the motion premature where multiple defendants are still challenging Plaintiffs' claims. ECF No. 48. The parties now move to set aside the entry of default against Wheaton and to permit Wheaton to file an Answer. ECF No. 52. For the following reasons, the motion is **GRANTED**.

## I.    BACKGROUND

The Court's February 3, 2026, Opinion and Order denying without prejudice Plaintiffs' motion for default judgment, ECF No. 48, set forth a complete background of the facts, the parties, and the claims in the Complaint, which will not be repeated here.

Relevant here, Plaintiffs served Wheaton on October 2, 2025. ECF No. 20. Wheaton did not respond to the Complaint, and, on December 24, 2025, Plaintiffs applied to the Clerk of Court for an entry of default against Wheaton, ECF No. 39, which the Clerk granted pursuant to Federal Rule of Civil Procedure 55(a), ECF No. 42.

The parties now jointly move to set aside the entry of default and for leave for Wheaton to file its Answer. ECF No. 52.

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Although Rule 55(c) vests trial courts with discretion, this Court recognizes that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. "In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party[.]" *United States v. $22,050.00 U.S. Currency*,

595 F.3d 318, 322 (6th Cir. 2010) (citations omitted).  Therefore, "any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on their merits."  *Cf. United Coin Meter Co.*, 705 F.2d at 846 (internal quotation marks and citations omitted) (reviewing the district court's order denying the defendant's motion to set aside entry of default and default judgment).

## IV.  ANALYSIS

The parties move for the Court to set aside the Clerk's entry of default, arguing that good cause exists and that setting aside the entry of default will not unduly delay the dispositon of this action.  ECF No. 52 at PAGEID # 209.  The Court agrees.

First, Wheaton's default was not willful.  Indeed, Wheaton explains that, though it appears Plaintiffs effected service, it had no record of receiving service in this matter.  ECF No. 52 at PAGEID # 208.  Upon receiving the Court's Februray 2026 Opinion and Order, ECF No. 48, Wheaton immediately retained counsel and contacted Plaintiffs to join in the instant motion.  *Id.*

Next, because Plaintiffs join Wheaton in the motion, setting aside the default will not prejudice Plaintiffs.

Last, Wheaton has offered a meritorious defense to Plaintiffs' claims— namely, by attaching its Answer and affirmative defenses to the motion.  ECF No. 52-1.

At bottom, the parties have established good cause to set aside the Clerk's entry of default and for Wheaton to be permitted leave to file its Answer and affirmative defenses.

## V.  CONCLUSION

For the foregoing reasons, the parties' joint motion to set aside default and for leave for Wheaton to file an Answer,  ECF No. 52, is **GRANTED**.

The Clerk shall **VACATE** the entry of default against Wheaton, ECF No. 42. Wheaton has **TWENTY-ONE DAYS** from the date of this Order to respond to Plaintiffs' Complaint.

The Clerk shall terminate ECF No. 52 as a pending motion.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**